FILED

15 FEB 17 PM 3:37

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE R. MARTIN,<br>CDCR # E-17299,<br><br>                                             Plaintiff,<br><br>vs.<br><br>T. HARRINSTON; L. MILLER;<br>C. OROZCO,<br><br>                                            Defendants. | Civil No.    14cv2914 BEN (PCL)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT** |

Lance R. Martin ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. Nos. 1, 2).

On December 19, 2014, this Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted. (ECF Doc. No. 3.) Plaintiff has been given leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.* at 8.)

On January 16, 2015, this Court granted Plaintiff an extension of time to file a First Amended Complaint. (ECF Doc. No. 8.) On January 29, 2015 and February 3, 2015, Plaintiff filed motions to extend his time to file an First Amended Complaint (ECF Doc. Nos. 10, 12.) Plaintiff alleges that he has had difficulty gaining access to the prison law library. "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se . . . plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000).

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

Plaintiff is **GRANTED** until **April 1, 2015** in which to file a First Amended Complaint which cures all the deficiencies of pleading set forth in the Court's December 19, 2014 Order. Plaintiff's First Amended Complaint *must be complete in itself* without reference to his original pleading. *See* S.D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the First Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: 2/17/15

HON. ROGER T. BENITEZ
United States District Judge