1
2
3
4
5
6
7
8                   **UNITED STATES DISTRICT COURT**
9                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  LANCE R. MARTIN,                    Civil No.       14cv2914 BEN (PCL)
    CDCR # E-17299,
12
                            Plaintiff,   **ORDER  SUA SPONTE**
13                                       **DISMISSING SECOND AMENDED**
                                         **COMPLAINT FOR FAILING TO**
14                vs.                     **STATE A CLAIM PURSUANT**
                                         **TO 28 U.S.C. § 1915(e)(2)(B)(ii)**
15  T. HARRINSTON; L. MILLER;            **AND 28 U.S.C. § 1915A(b)(1)**
    C. OROZCO; CESCOLINI;
16  J. JUAREZ; S. MILLER;
    HARRINGTON; ODELL,
17
                           Defendants.
18

19
20
21                              I.
22                   **PROCEDURAL HISTORY**
23        On December 8, 2014, Lance R. Martin ("Plaintiff"), a state prisoner currently
24  incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, and
25  proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C.
26  § 1983.  Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a);
27  instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.
28  § 1915(a) (ECF Doc. No. 2).

1    The Court granted Plaintiff's Motion to Proceed IFP and sua sponte dismissed his
2    Complaint for failing to state a claim upon which relief could be granted pursuant to 28
3    U.S.C. § 1915(e)(2) & § 1915A (ECF Doc. No. 3.)  Plaintiff was granted leave to file an
4    amended complaint in order to correct the deficiencies of pleading identified in the
5    Court's Order. (*Id.*) On February 17, 2015, Plaintiff filed his First Amended Complaint
6    ("FAC") and approximately one month later, Plaintiff filed supplemental exhibits to his
7    FAC (ECF Doc. Nos. 14, 16.)

8    The Court, once again, conducted the required sua sponte screening and found that
9    Plaintiff had not corrected the deficiencies in his pleading previously identified by the
10   Court.  Thus, Plaintiff's FAC was dismissed for failing to state a claim upon which relief
11   could be granted on April 20, 2015.  (ECF Doc. No. 17.)  On May 20, 2015, Plaintiff
12   filed his Second Amended Complaint ("SAC") (ECF Doc. No. 21.)

13                                               **II.**

14   **SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

15        **A.    Standard of Review**

16        As the Court previously informed Plaintiff, notwithstanding Plaintiff's IFP status
17   or the payment of any partial filing fees, the Prison Litigation Reform Act ("PLRA")
18   obligates the Court to review complaints filed by all persons proceeding IFP and by
19   those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of,
20   sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
21   conditions of parole, probation, pretrial release, or diversionary program," "as soon as
22   practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these
23   statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which
24   are frivolous, malicious, fail to state a claim, or which seek damages from defendants
25   who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203
26   F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621
27   F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

28

1   All complaints must contain "a short and plain statement of the claim showing that

2   the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are

3   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

4   mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5   (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining

6   whether a complaint states a plausible claim for relief [is] . . . a context-specific task that

7   requires the reviewing court to draw on its judicial experience and common sense." *Id.*

8   The "mere possibility of misconduct" falls short of meeting this plausibility standard.

9   *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

10   "When there are well-pleaded factual allegations, a court should assume their

11   veracity, and then determine whether they plausibly give rise to an entitlement to relief."

12   *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

13   ("[W]hen determining whether a complaint states a claim, a court must accept as true all

14   allegations of material fact and must construe those facts in the light most favorable to

15   the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that

16   § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

17   However, while the court "ha[s] an obligation where the petitioner is pro se,

18   particularly in civil rights cases, to construe the pleadings liberally and to afford the

19   petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

20   2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not

21   "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents*

22   *of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

23   **B.    Access to Courts Claims**

24   Plaintiff continues to claim that Defendants have delayed in mailing confidential

25   legal mail that he has submitted to them. Prisoners have a constitutional right to access

26   to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing

27   of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims

28   for denial of access to the courts may arise from the frustration or hindrance of "a

litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, as this Court's previous Order explained, a plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, the prisoner must allege the loss of a "non-frivolous" or "arguable" underlying claim. *See Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's SAC fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Specifically, he has failed to allege how the delay in the mailing of legal documents resulted in an "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678. The basis of Plaintiff's claim is the alleged failure to process his legal mail which consisted of a "'proposed' order to produce prisoner" for unspecified

proceedings in San Diego Superior Court.  (SAC at 11.)  Even if Plaintiff was denied the right to personally appear by the state court, there are no allegations that Plaintiff had any action relating to his conditions of confinement or criminal proceedings dismissed due to the alleged delay in mailing documents by prison officials.

In addition, once again, Plaintiff's SAC also fails to identify or even nominally describe the non-frivolous or arguable nature of the underlying cause of action he either anticipated or lost as a result of Defendants' actions. *Harbury*, 536 U.S. at 416 ("[L]ike any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

For these reasons, the Court finds, once again, that Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

## C.   Legal Mail

Throughout his SAC, Plaintiff also claims that Defendants tampered with his legal mail.  The mail that he describes is mail that he sent to, or received from, various courts. However, while mail from his legal counsel can constitute "legal mail," mail from the courts is not legal mail.  *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).

## III.

### CONCLUSION AND ORDER

For the reasons set forth above, the Court:

1.   **DISMISSES** this civil action without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2.   **DENIES** Plaintiff leave to amend as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and

1  cannot, state a claim containing an arguable basis in law, this action should be dismissed

2  without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*,

3  81 F.3d 904, 907 (9th Cir. 1996)).

4        The Clerk of Court shall close the file.

5        **IT IS SO ORDERED**.

6

7  DATED:  July 13, 2015

8

9  Hon. Roger T. Benitez
  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28